ABRAHAM LEVINE, Respondent, *v.* SAMUEL A. POTTER, Appellant.

Second Department, April 1, 1927.

Landlord and tenant — action to recover deposit on surrender of premises — evidence — " copy " of assignment to plaintiff of original tenant's right to deposit not admissible — notice by tenant of intent to surrender premises not proven — judgment for plaintiff reversed.

In an action by a tenant to recover a deposit on the surrender of the premises, the evidence, as disclosed in the record, which is very unsatisfactory, does not warrant a judgment for the plaintiff, and a new trial should be granted.

A " copy " of an assignment to the plaintiff of the original tenants' right to the return of the deposit in question was not admissible in evidence.

A letter signed by one who says that the tenant requested him to answer the landlord's letter, and who states that the tenant will vacate the premises, was not a sufficient notice of intention to vacate as required by the lease, since there is no evidence that the letter was authorized by the tenant.

APPEAL by the defendant, Samuel A. Potter, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of said county on the 31st day of March, 1926, affirming a judgment of the City Court of New Rochelle, entered in the office of the clerk of said City Court on the 11th day of January, 1926, " in favor of the plaintiff and against the defendant *for a sum not yet computed.*"

*Samuel A. Potter,* appellant, in person.

*Sol Rubin,* for the respondent.

KELLY, P. J. The printed record in this case is very unsatisfactory, and the respondent, while appearing by counsel and arguing the appeal, files no points. The evidence as disclosed in the record does not warrant the judgment for the plaintiff. It recites the

offer by plaintiff of a copy of an assignment to him of the original tenants' right to the return of the deposit which is the subject of the action. The " copy " was not admissible, nor was it received in evidence or marked. Counsel for plaintiff is recorded as stating that he would submit the original, but it is not in the record. In the next place, the action is based upon an alleged surrender of the premises by the plaintiff to the landlord appellant, said to be with his consent. But the consent to the surrender was upon express condition that the plaintiff tenant should notify the landlord in writing before March 15, 1924, that he, the tenant, intended to move. No such notice is in the record. A letter dated March 14, 1924, not signed by the tenant, was received in evidence. It is signed by a gentleman who says that the tenant has requested him to answer the landlord's letter and who states that the tenant will vacate the store on April first. There is no evidence as to when this letter was mailed or delivered to the landlord. There is no evidence that the party who wrote the letter was authorized to write it on behalf of the plaintiff. There was no relation of attorney and client between the tenant and the gentleman who signed the letter at its date. On March seventeenth the landlord notified the tenant that the letter was not a compliance with the terms upon which he had agreed to receive a surrender of the premises; that it was not signed by the tenant nor was it received before March fifteenth. The plaintiff tenant offered no evidence that the letter was authorized by him. The learned county judge says in his memorandum: " There is no proof that the attorney was not authorized." But the burden of proof was on the plaintiff to show that he was authorized to give the notice.

The record is further complicated by the fact that the printed record shows at the opening of the trial that the plaintiff's counsel stated that " the amount of the defendant's counterclaim as presented in the proceedings is conceded as though the proof were offered in court." The defendant's counterclaim was for three months' rent at seventy-five dollars per month and for thirty-three dollars damages because of the tenant's failure to make inside repairs. The judgment appealed from allows but thirty-three dollars of this total counterclaim apparently conceded. Again the defendant pleads that the claim involved in the litigation was the subject of a former action between the parties, and that after trial, judgment was rendered in favor of the defendant. This is reasserted in appellant's points, and the evidence on the trial of the case at bar was presented by reading the record of the former trial. The printed record contains no disposition of this defense of *res adjudicata.*

The judgment of the County Court of Westchester county, affirming the judgment of the City Court of New Rochelle, should be reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event.

YOUNG, KAPPER, LAZANSKY and HAGARTY, JJ., concur.

Judgment of the County Court of Westchester county, affirming judgment of the City Court of New Rochelle, reversed upon the law and the facts, and new trial ordered, costs to appellant to abide the event.